IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03027-PAB-STV

WARMING TRENDS, LLC f/k/a Flaherty Holdings, LLC, a Delaware limited liability company,

    Plaintiff,

v.

RAY STONE, an individual, and
FIREFLY PATIO & HEARTH, LLC, a Colorado limited liability company,

    Defendants.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on Plaintiff's Forthwith Motion for Limited Discovery [Docket No. 23], wherein plaintiff seeks to conduct a half-day deposition of defendant Ray Stone and serve a document request to a third party in advance of the hearing on plaintiff's Motion for Preliminary Injunction and Request for Forthwith Hearing Re Same [Docket No. 4], which is scheduled for Wednesday, December 11, 2019.

    A party seeking expedited discovery has the burden of showing good cause for the requested departure from usual discovery procedures. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see also* Fed. R. Civ. P. 26(b). Here, plaintiff has not shown good cause to conduct discovery. Plaintiff concedes that "these proposed depositions are not necessary" and plaintiff is "fully prepared to move forward with the preliminary injunction hearing" in the absence of limited discovery. Docket No. 23 at 2-3. Plaintiff's request is distinguishable from cases where expedited discovery has been granted because discovery of certain facts is "unusually difficult or impossible." *See Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

    Because plaintiff has not shown good cause justifying expedited discovery, it is

    **ORDERED** that Plaintiff's Forthwith Motion for Limited Discovery [Docket No. 23] is **DENIED**.

    DATED November 26, 2019.