**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-03027-PAB-STV

WARMING TRENDS, LLC f/k/a FLAHERTY HOLDINGS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.

RAY STONE, an individual; and FIREFLY PATIO & HEARTH, LLC, a Colorado limited liability company,

    Defendants.

---

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NOTICE OF ERRATA

---

Plaintiff Warming Trends, LLC ("Warming Trends") respectfully submits this Motion to Strike Defendants' Notice of Errata (Dkt. No. 105), which presents amendments to Defendants' Response to Plaintiff's Motion to Dismiss Invalidity and Unenforceability Counterclaims. The parties have conferred, and Defendants oppose this motion.

Defendants had a deadline on September 14, 2020 to file their Response to Plaintiff's Motion to Dismiss Invalidity and Unenforceability Counterclaims. Defendants filed their (first) Response brief timely. (Dkt. 102 and 103). However, eight days after the filing deadline had passed, Defendants filed a document styled "Notice of Errata" (Dkt. 105) which did not identify or correct any technical or clerical error; instead, Defendants' "Notice of Errata" is a substantively amended version of its first Response brief. The Notice of Errata deletes several references to a "design patent" or "design patent application" and also substantively changes allegations in the brief regarding Mr. Stone's understanding of the '117 Application and the

provisional application to which the '117 application claims priority. (Dkt. 105, Exhibit 2 at pp. 3, 4, 10, and 14).

As an initial matter, to undersigned counsel's knowledge, a Notice of Errata is not a proper vehicle to amend a brief filed in this Court. Defendants cite no federal or local rule permitting use of that vehicle to amend a brief, whether to make clerical changes or substantive changes. In conferring with Defendants' counsel, undersigned counsel requested case law supporting the use of a Notice of Errata to amend a brief in this Court, and also notified Defendants that the Notice failed to state an explanation or reason for the proposed amendments. In response, Defendants stated only that they opposed the Motion to Strike, and provided no case law or explanation for the amendments.

Moreover, even if a Notice of Errata was a proper vehicle, Defendants' use of the Notice of Errata to make substantive changes to a brief eight days after the brief was originally due is improper. *See Abernathy v. Wandes*, 713 F.3d 538 (10th Cir. 2013) ("An errata sheet, however, is a filing by which a party corrects technical, inadvertent errors, rather than one by which it makes substantive alterations to legal positions previously taken in its brief. In other words, an errata sheet is not a proper vehicle for the request that the government presents here."). Other courts have also recognized that "[n]otices of errata to clarify clerical errors are substantively different from attempts to file supplemental briefs unauthorized by local rules." *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007).

This is not a situation where the proposed amendments were made to conform to allegations made in prior pleadings or other evidence of record. The sections of the brief that the Notice of Errata seeks to amend present new allegations not presented in the pleadings or

attachments thereto, as evidenced by the lack of citations in those sections.  Neither the allegations in the original Response or the amended Response attached to the Notice of Errata cite any evidence to support these new allegations, and the Notice of Errata provides no explanation of how the mistake was made or why the Court should allow Defendants to amend their Response eight days after the deadline for filing.  For at least these reasons, Defendants' Notice of Errata should be stricken.

Dated: September 30, 2020.

                                      Respectfully submitted,

                                      **SNELL & WILMER L.L.P.**

                                      By*: /s/ C. Matthew Rozier*
                                            C. Matthew Rozier, Atty. Reg. 46854
                                            Snell & Wilmer L.L.P.
                                            1200 17th Street, Suite 1900
                                            Denver, Colorado 80202
                                            Telephone: (303) 634-2000
                                            Facsimile: (303) 634-2020
                                            E-mail: mrozier@swlaw.com

                                            Jamal M. Edwards
                                            EM3, LLP
                                            444 S. Lake Street, Suite 1700
                                            Chicago, IL 60606
                                            Telephone: (312) 837-0318
                                            Email: jedwards@em3law.com;
                                            mskinner@em3law.com

                                      **ATTORNEYS FOR PLAINTIFF**

4830-7811-9117.2

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 30, 2020, a copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NOTICE OF ERRATA** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

    Jamal M. Edwards jedwards@em3law.com

    Cyd Hunt chunt@emlawyers.com

    Kenzo Sunao Kawanabe kenzo.kawanabe@dgslaw.com,gretchen.pickett@dgslaw.com

    J. Lucas McFarland lmcfarland@emlawyers.com,gbowermaster@emlawyers.com

    Michelle Ware Skinner mskinner@em3law.com,mwskinneresq@gmail.com

    Emily Lauren Wasserman emily.wasserman@dgslaw.com,melissa.kemp@dgslaw.com

                                            */s/ C. Matthew Rozier*
                                            C. MATTHEW ROZIER